**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| BRIAN K. BANKS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 1:20-cv-00243-TWP-MPB |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**ORDER DENYING MOTION FOR RELIEF PURSUANT TO 28 U.S.C. § 2255
AND DENYING CERTIFICATE OF APPEALABILITY**

This matter is before the Court on Petitioner Brian Banks' ("Banks") Motion for relief pursuant to 28 U.S.C. § 2255. (Dkt. 2.) For the reasons discussed in this Order, the Motion must be **denied** and the action dismissed with prejudice. In addition, the Court finds that a certificate of appealability should not issue.

**I. LEGAL STANDARD**

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). A court may grant relief from a federal conviction or sentence pursuant to § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Relief under this statute is available only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice" *Blake v. United States*, 723 F.3d 870, 878-79 (7th Cir. 2013).

## II. FACTUAL BACKGROUND

In March 2017, a federal grand jury returned an Indictment against Banks, charging him with Count One: Unlawful Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1). *United States v. Banks*, 1:17-cr-00040-TWP-TAB ("Crim. Dkt.") (Dkt. 1). In August 2017, Banks submitted a Petition to Enter Plea of Guilty and Plea Agreement. (Crim. Dkt. 23.) Thereafter, Banks pled guilty to the unlawful possession of a firearm. *Id.* The plea agreement contained a factual basis for Banks' guilty plea. *Id.* at ¶ 18. It contained the following information concerning Banks' prior convictions:

> e. The defendant had previously sustained several convictions in Marion County, Indiana that were punishable by more than one year of imprisonment, including Dealing in Cocaine or Narcotics (a Class B felon) in 49G20-0302-FA-026373; Resisting a Law Enforcement Officer (a Class D felony) in 49F09-1103-FD-19600; and Possession of a Firearm by a Serious Violent Felon (A Class B felony) in 49G20-1205-FB-032287. The defendant was on parole from the Indiana Department of Correction for the last conviction listed at the time of the offense to which he is pleading under this agreement.

*Id.* at 8, ¶ 18e.

A presentence investigation report ("PSR") was prepared prior to Banks' change of plea and sentencing hearing. (Crim. Dkt. 31.) It summarized Banks' prior convictions which included:

  a. 2000 Possession of Cocaine; Marion County, Indiana; 49G20-0003-CF-039170;

  b. 2003 Dealing in Cocaine; Marion County, Indiana; 49G20-0302-FA-026373;

  c. 2011 Resisting Law Enforcement; Marion County, Indiana; 49F09-1103-FD-019600;

  d. 2012 Possession of a Firearm by a Serious Violent Felon; Marion County, Indiana; 49G20-1205-FB-032287.

*Id.* at ¶¶ 25-34. According to the PSR, Banks served at least four years in prison on the 2003 Dealing in Cocaine conviction and at least three years in prison on the 2012 Possession of a Firearm by a Serious Violent Felon conviction. *Id.* at ¶¶ 31, 34.

The Court conducted a change of plea and sentencing hearing on December 19, 2017. (Crim. Dkt. 35.)  It concluded that a factual basis existed for Banks' guilty plea and determined that the plea was voluntarily and knowingly made.  *Id.*  Banks offered no objections or corrections to the PSR.  *Id.*  The Court imposed a 48-month term of imprisonment followed by three-years of supervised release.  (Crim. Dkt. 36.)  Banks did not appeal his conviction or sentence.

In August 2019, Banks submitted a letter to the Court asking if he qualified for relief in light of the United States Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019).  (Crim. Dkt. 40.)  The Court treated Banks' letter as a motion for relief pursuant to 28 U.S.C. § 2255 and opened a new civil action. (Crim. Dkt. 44.) Counsel was appointed to represent Banks, (Dkt. 4), but later moved to withdraw after reviewing Banks' criminal case, (Dkt. 10).  The Government responded in opposition to Banks' § 2255 motion in October 2020, (Dkt. 18), and Banks did not file a reply.

### III.  DISCUSSION

Although Banks has not submitted further development of his request for relief under *Rehaif*, the Court construes his letter as a challenge to the validity of his guilty plea in light of the decision in *Rehaif v. United States*.  The Government contends that Banks waived any challenge to his guilty plea under the terms of his plea agreement, that he procedurally defaulted his *Rehaif* claim, and that any *Rehaif* claim fails on its merits.  (Dkt. 18 at 5-13.)  Because Banks is proceeding *pro se*, the Court prefers to address the merits of his *Rehaif* claim.

In *Rehaif*, the United States Supreme Court held that:

> [I]n a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm. We express no view, however, about what precisely the Government must prove to establish a defendant's knowledge of status in respect to other § 922(g) provisions not at issue here.

3

*Rehaif*, 139 S. Ct. at 2200. In other words, under *Rehaif*, the Government's burden includes proving beyond a reasonable doubt that Banks knew, at the time of the offense, he had "been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 922(g)(1); *see also United States v. Maez*, 960 F.3d 949, 955 (7th Cir. 2020). However, when a defendant seeks to invalidate his guilty plea on the basis of a *Rehaif* error, "the burden of persuasion rests on the defendant." *United States v. Williams*, 946 F.3d 968, 973 (7th Cir. 2020). "To meet this burden, a defendant must show a reasonable probability that he would not have pleaded guilty if he knew of *Rehaif*." *Id.*

Banks has not shown a reasonable probability that he would not have pleaded guilty. First, in the factual basis contained within his plea agreement, Banks admitted that he had been convicted of at least three felonies prior to his possession of the firearm. (*See* Crim. Dkt. 23 at ¶ 18.) One of these convictions was for possession of a firearm by a serious violent felon. *Id.* As a result of this admission, it would be difficult for Banks to assert that he did not know of his status as a convicted felon and argue that the Government could not establish that element beyond a reasonable doubt. Additionally, the PSR identified several prior convictions in the discussion of Banks' criminal history. (Crim. Dkt. 31 at ¶¶ 25-34.) These prior convictions included the three felony convictions identified in the stipulated factual basis and clarified that Banks had spent more than one year in prison on multiple occasions. *Id.* Someone who has served more than a year in prison "cannot plausibly argue that he did not know his conviction had a maximum punishment exceeding a year." *Williams*, 946 F.3d at 973. In light of the factual basis included in Banks' plea agreement and his three prior felony convictions, Banks cannot genuinely argue now that he would not have pleaded guilty had he known about the knowledge of status element discussed in *Rehaif*.

4

Because he cannot establish a reasonable probability that he would not have pleaded guilty, Banks is not entitled to habeas relief under § 2255.

## IV. CONCLUSION

For the reasons explained in this Order, Banks is not entitled to relief on his § 2255 motion. Accordingly, his Motion for relief pursuant to § 2255 is **DENIED** and this action is **DISMISSED with prejudice**. Judgment consistent with this Order shall now issue and the **Clerk shall docket a copy of this Order in Case No. 1:17-cr-00040-TWP-TAB-1**. The Motion to vacate, (Dkt. [45]), shall also be **terminated** in the underlying criminal action.

## V. DENIAL OF CERTIFICATE OF APPEALABILITY

A habeas petitioner does not have the absolute right to appeal a district court's denial of his habeas petition. Rather, he must first request a certificate of appealability. *See Miller-El v. Cockrell*, 537 U.S. 322, 335 (2003); *Peterson v. Douma*, 751 F.3d 524, 528 (7th Cir. 2014). Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 Proceedings, and 28 U.S.C. § 2253(c), the Court finds that Banks has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**SO ORDERED.**

Date: 2/25/2021

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Brian K. Banks, #15711-028
FORT DIX FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. Box 2000
Fort Dix, New Jersey 08640

5

James Robert Wood
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
bob.wood@usdoj.gov